**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25-cr-397 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| MAURICE J. SINKFIELD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On August 19, 2025, a two-count indictment issued charging defendant Maurice J. Sinkfield ("Sinkfield") with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and with escape from custody, in violation of 18 U.S.C. § 751(a). (Doc. No. 10 (Indictment).) At the request of Sinkfield, various dates and deadlines have been continued on multiple occasions. (*See* Doc. No. 20 (Trial Order); Order [non-document], 1/12/2026 (extending deadline for filing pretrial motions); Doc. No. 26 (Order – Ends of Justice); Order [non-document], 2/13/2026 (granting defendant's motion for leave to file a motion for disclosure of early Jencks Act material).) Currently, the plea deadline is March 24, 2026, a final pretrial hearing is scheduled for April 7, 2026, and a jury trial is set for May 11, 2026. (Doc. No. 26, at 2.[1])

Now before the Court is Sinkfield's motion for early disclosure of Jencks Act material. (Doc. No. 43 (Motion).) In his motion, Sinkfield specifically requests that the Court order the government to produce Jencks Act material three weeks before trial. (Doc. No. 43, at 1.) He notes

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

that "[t]aking a significant recess to review Jencks [Act] material after each government witness's direct examination would delay trial and undermine judicial economy." (*Id*. at 2.) He seeks early disclosure of this material to avoid such delays. (*Id*.)

The government opposes the motion, stressing that the law is settled that, under the Jencks Act, the government is not obligated to produce the statements of government witnesses until after they have testified on direct examination. (*See* Doc. No. 49 (Response), at 1.) Additionally, it observes that requiring it to produce these statements pretrial would essentially require the government to produce a witness list prior to trial. (*Id*.) While it acknowledges that Sixth Circuit law is less clear as to whether the district court has the discretion to compel the disclosure of the government's witness list, it notes that district courts that have exercised such discretion have required the defense to offer good cause for such early disclosure. (*Id*. 1–2 (collecting cases).)

In his reply, Sinkfield resists the government's suggestion that he is required to provide good cause for the production of a witness list. He argues that the Sixth Circuit has "neither expressly stated factors that a district court should consider when evaluating a defendant's request for a witness list, nor provided instructive examples of circumstances under which ordering the production of a list is warranted." (Doc. No. 50 (Reply), at 1–2 (quoting *United States v. Flannery*, No. 3:09-cr-92, 2010 U.S. District LEXIS 71742, at *5 (E.D. Tenn. July 16, 2010) (only LEXIS cite available)).)

The debate regarding whether and how the Court may exercise discretion to require the government to produce *witness lists* in advance of trial is largely academic because Sinkfield's motion seeks the early disclosure of *Jencks Act material*.[2] (Doc. No. 50, at 2 ("Therefore,

---

[2] In any event, "[i]t is well recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right[.]" *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980). While the Sixth Circuit observed in

[Sinkfield] asks that this Court direct the government to disclose Jencks material three weeks before trial.")), and the law in this area is clear. Under Rule 26.2, which incorporates the Jencks Act in the Federal Rules of Criminal Procedure, after a witness has testified on direct examination, the government or the defendant may discover the witness's pretrial statements if the statements are in the possession of the party calling the witness and relate to the subject matter of the witness's testimony. Fed. R. Crim. P. 26.2(a); *see also* 18 U.S.C. § 3500. While it is true that early disclosure of Jencks Act material "avoids the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination[,]" *United States v. Minksy*, 963 F.2d 870, 876 (6th Cir. 1992), the government has the right under the Jencks Act to withhold such material until the witness has testified on direct. 18 U.S.C. § 3500(b); *United States v. Brazil*, 395 F. App'x 205, 215 (6th Cir. 2010); *see also United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." (citations omitted)). "When *Brady*[3] material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (citation omitted).

As Sinkfield concedes, the government has already disclosed the Jencks Act material for many of its anticipated witnesses. (Doc. No. 50, at 2 (citing Doc. No. 49, at 2).) Further, in its trial

---

*Kendricks* that the district court has the discretion to order the government to produce the list where non-disclosure would "prejudice . . . the defendant's ability to prepare an effective defense[,]" *id*. at 1168–69, there is nothing in the record in this case to suggest that non-disclosure of the government's witness list will prejudice Sinkfield's ability to prepare an effective defense. *See, e.g., United States v. Ledesma*, No. 19-cv-20216, 2020 WL 7075289, at *4 (E.D. Mich. Dec. 3, 2020) (denying defendant's request for production of government witness list where he made only a "vague and conclusory claim" that production of the list is needed for proper trial preparation (citation omitted)).

[3] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

order, the Court "strongly encourage[s the parties] to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day before the witness is expected to testify." (Doc. No. 20 (Amended Trial Order), at 7.) The government represents that it intends to disclose all required Jencks Act material no later than the day before the witness testifies, as contemplated in the Court's trial order. (Doc. No. 49, at 2 (citing Doc. No. 20, at 7).)

Given that the Court is without authority to order the government to provide early Jencks Act material, Sinkfield's motion for an order requiring early disclosure of such discovery is DENIED.[4] Consistent with the Court's trial order, the government is encouraged to provide all required discovery materials as early as possible so as to avoid any unnecessary delays at trial.

**IT IS SO ORDERED**.

Dated: March 13, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Sinkfield's reference to certain unreported cases does not alter this conclusion. (*See* Doc. No. 50, at 2 (citing cases).) In *United States v. Ledbetter*, for example, the parties "jointly proposed" to the district court that the government would disclose Jencks Act material 90 days before trial. No. 2:14-cr-127, 2015 WL 5954587, at *6 (S.D. Ohio Oct. 14, 2015). In *United States v. Frazier*, the court merely noted that the government had already committed to providing Jencks Act material for most witnesses prior to trial. No. 3:17-cr-130, 2019 WL 4242412, at *22 (M.D. Tenn. Sept. 6, 2019); *see United States v. Fraizer*, No. 3:17-cr-130 (M.D. Tenn.) (Doc. No. 585 (Trial Order), at 2. Finally, in *United States v. Burks*, a panel of the Sixth Circuit observed that the district court ordered the early disclosure of witness lists "under the Jencks Act, 18 U.S.C. § 3550, *Brady*, and *Giglio*[.]" Nos. 22-6094/6101/6102, 2024 WL 4250334, at *2 (6th Cir. Sept. 20, 2024). It neither condemned no condoned this act. These cases do not, as Sinkfield suggests, support his position that the Court has the authority to order the early release of Jencks Act material. (*See* Doc. No. 50, at 2 (citing *Ledbetter*, *Fraizer*, and *Burks* for the proposition that "it remains within the Court's discretion to order the government to produce Jencks material three weeks before trial")).