**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:25-cr-397 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MAURICE J. SINKFIELD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Maurice Sinkfield seeks a ruling from the Court *in limine* to exclude at trial evidence of a ballistic vest recovered from the trunk of his vehicle. (Doc. No. 60 (Motion).) The United States of America (the "government") opposes the motion (Doc. No. 62 (Response)), and Sinkfield replied. (Doc. No. 67 (Reply).) For the reasons stated below, the motion is **DENIED**.

## I.      BACKGROUND

On July 24, 2025, agents with the Ohio Investigative Unit ("OIU") observed Sinkfield exit a gas station that bore a sign prohibiting firearms on the premises. (Doc. No. 60, at 2.)[1] Agents reported observing the print of a firearm under Sinkfield's clothing in his right appendix area. (Doc. No. 62, at 1; *see* Doc. No 60, at 2.) According to the government, agents approached Sinkfield, but upon their approach, Sinkfield entered his vehicle. (Doc. No. 62, at 2.) Agents saw Sinkfield reach toward his right side, open his vehicle's center console, and reach inside the center console holding a black object. (*Id.*) According to the government, Sinkfield initially failed to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

comply with agents' orders to vacate the vehicle, but after agents attempted to break the driver's side window, he complied. (*Id.*)

Sinkfield was then arrested and his vehicle searched. (*Id.*; Doc. No. 60, at 2.) In the vehicle's center console, agents found a loaded Ruger LC9 9mm handgun bearing the serial number 324-65778. (Doc. No. 62, at 2; *see* Doc. No. 60, at 2.) Under the driver's seat, agents found two magazines and a box of ammunition. (Doc. No. 60, at 2; Doc. No. 62, at 2.) Finally, in the trunk of the vehicle, agents retrieved a ballistic vest. (Doc. No. 60, at 2; Doc. No. 62, at 2.)

The next day, as alleged, Sinkfield escaped from the Oriana House, an institutional facility where he was confined for prior felony convictions. (Doc. No. 10 (Indictment), at 2.) On August 19, 2025, an indictment issued charging Sinkfield with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and escape from custody, in violation of 18 U.S.C. § 751(a). (*See generally id.*)

Sinkfield now moves *in limine* to exclude evidence of the ballistic vest at trial. (*See generally* Doc. No. 60.) Sinkfield argues that the ballistic vest is irrelevant because (1) "[t]here is no indication that the [ballistic vest] was Mr. Sinkfield's or that he knew the vehicle contained [the ballistic vest][]" and (2) persuasive authority only finds ballistic vests relevant to firearms charges when they are found in close proximity to either the firearm at issue or the defendant. (Doc. No. 60, at 2–3; *see generally* Doc. No. 67.) He further argues that evidence of the ballistic vest risks unfair prejudice because "the jury will make unfair assumptions about Mr. Sinkfield from the presence of the [ballistic vest] in the trunk." (Doc. No. 60, at 4; *see* Doc. No. 67, at 2–3.)

The government argues that evidence of the ballistic vest is relevant to the firearms charge and not unfairly prejudicial. (Doc. No. 62, at 3–6.) The government indicates that it intends to argue to the jury that Sinkfield "inten[ded] to arm himself for protection[.]" (*Id.* at 4.) The ballistic

vest, as the government argues, is relevant to such intent and makes Sinkfield's knowing possession of the firearm and ammunition more likely. (*Id.* at 4–5.) Because of its probative value, the government argues, the evidence would not be unfairly prejudicial. (*Id.* at 5–6.) In any event, the government does not object to an instruction limiting the jury's consideration of the ballistic vest. (*Id.* at 6.)

## II. LAW & DISCUSSION

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Motions *in limine* allow the courts to rule on evidentiary issues before trial in order to avoid delay and to allow parties to focus their time on issues that will be considered by the jury. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). *In limine* rulings are preliminary, and a district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). Courts should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citation omitted).

All relevant evidence is admissible, and evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevance standard is liberal. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Relevant evidence, however, may be excluded "if its probative value is substantially outweighed by a danger of one or more of the

3

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[A] defendant raising a Rule 403 argument must establish 'unfair' prejudice, not mere prejudice." *United States v. Talley*, 164 F.3d 989, 1000 (6th Cir. 1999) (citing *Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998); *United States v. Vance*, 871 F.2d 572, 576–77 (6th Cir. 1989)).

### A.    Relevance

Here, evidence of the ballistic vest is relevant to the firearms charge. Multiple courts within and without the Sixth Circuit hold evidence of a ballistic vest relevant to the knowing possession of a firearm. *See United States v. Lee*, 612 F.3d 170, 184 (3d Cir. 2010) ("The bullet-proof vest is therefore circumstantial evidence upon which the jury could properly move toward a conclusion about gun possession."); *United States v. Houston*, No. 3:13-cr-09, 2014 WL 199065, at *4 (E.D. Tenn. Jan. 16, 2014) ("[T]he fact that the defendant not only possessed bullet-proof vests but that the vests were found in close proximity to the multiple firearms within his residence is probative of intent to possess and carry those firearms."); *United States v. Nelson*, 638 F. Supp. 3d 541, 543 (D. Md. 2022) ("Evidence that body armor was found, along with weapons and drugs, in a car that purportedly belonged to [defendant] is relevant to [defendant]'s firearm possession charges[.]" (citations omitted)). And this Court agrees. From evidence suggesting a defendant possessed a ballistic vest, a reasonable jury could infer that the defendant felt some need or desire to protect himself. This inference has a tendency to make the defendant's knowing possession of a firearm more or less probable. This is a fact of consequence because the knowing possession of a firearm is an element of a charge under 18 U.S.C. § 922(g)(1). *See United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998) (listing elements of 18 U.S.C. § 922(g)(1)). Evidence of the ballistic vest is thus clearly relevant.

Sinkfield's arguments to the contrary are unavailing. Sinkfield first argues that cases like *Lee* and *Houston* are distinguishable because the ballistic vests in those cases were found near firearms or on the defendant, whereas the ballistic vest here was found in a bag in the trunk of Sinkfield's vehicle. (Doc. No. 60, at 2–3; Doc. No. 67, at 1–3.) Sinkfield essentially asks this Court to draw a line of proximity beyond which a ballistic vest will be deemed irrelevant to firearms possession. But if such a line exists, the trunk of one's vehicle falls within it. *See United States v. Smith*, 319 F. App'x 381, 386 (6th Cir. 2009) (finding district court did not abuse discretion in allowing items found in defendant's trunk to be presented to jury where government argued items were "relevant to establish that the pistol was *knowingly* possessed by [defendant] at the time of his arrest" (emphasis in original)). The Court finds no cause to distinguish *Lee* and *Houston* on the grounds that the ballistic vest here was found in a trunk.[2]

Sinkfield further argues on reply that the ballistic vest in *Lee* was only found relevant to whether the item in question was a firearm—not to whether the defendant possessed the firearm or had the requisite mental state. (Doc. No. 67, at 2.) But Sinkfield reads *Lee* too narrowly. To be sure, the court in *Lee* noted that the ballistic vest was relevant to whether the "slender object beneath the coat on the backseat was a firearm[.]" *Lee*, 612 F.3d at 184. But the court in *Lee* also noted the ballistic vest's relevance to possession. *See id.* ("The bullet-proof vest is therefore circumstantial evidence upon which the jury could properly move toward a conclusion about *gun possession*." (emphasis added)). And the court in *Lee* took no issue with the district court's limiting instruction that the ballistic vest should only be considered for "deciding whether the defendant

---

[2] Sinkfield further attempts to distinguish *Lee* and *Houston* by arguing that, unlike in those two cases, there is little evidence here to connect Sinkfield to the ballistic vest recovered from the trunk of his vehicle. (Doc. No. 60, at 3.) But it is worth noting that, at least according to the government, there is evidence that the vehicle from which the ballistic vest was recovered was registered to Sinkfield (Doc. No. 62, at 4), and the trunk of the vehicle contained items from Sinkfield's employer alongside the ballistic vest. (*Id.* at 2.) The Court thus sees no reason at this point to distinguish *Lee* and *Houston*.

5

had the state of mind, knowledge, motive or intent necessary to commit the crime charged. . . ." *Id.* at 185. The court in *Lee* thus clearly contemplated the ballistic vest's relevance to a defendant's knowing possession of a firearm.[3]

Sinkfield next argues that "[t]here is no indication that the [ballistic vest] was Mr. Sinkfield's or that he knew the vehicle contained [the ballistic vest]." (Doc. No. 60, at 3; *see* Doc. No. 67, at 2–3.) This argument goes to the weight of the evidence rather than its relevance. Whether the ballistic vest belonged to Sinkfield, whether he knew of the ballistic vest's presence, and what inferences, if any, to draw from the ballistic vest's presence are all for the jury to decide. At this stage, the Court need only decide whether evidence of the ballistic vest tends to make a fact of consequence more or less probable. This Court has already found that it does. Evidence of the ballistic vest is thus relevant and admissible under Fed. R. Evid. 401 and 402.

### B. Unfair Prejudice

Evidence of the ballistic vest is not so unfairly prejudicial as to substantially outweigh its probative value. Sinkfield argues that the evidence is unfairly prejudicial because it has little probative value and would risk the jury "mak[ing] unfair assumptions about Mr. Sinkfield[.]" (Doc. No. 60, at 4.) The Court disagrees. First, the Court already found the evidence probative as to the alleged knowing possession of a firearm. Second, Sinkfield fails to elaborate on what "unfair assumptions" the jury may make, how those assumptions would prejudice him, and how this prejudice substantially outweighs the evidence's probative value. Sinkfield's barebones argument is insufficient under Rule 403. *See United States v. Mills*, 367 F. Supp. 3d 664, 672 (E.D. Mich. 2019) (finding defendant's prejudice argument insufficient where it failed "to explain why [the

---

[3] Even if *Lee* were as narrow as Sinkfield argues, Sinkfield's reply fails to acknowledge other case law (case law this Court finds persuasive) holding that ballistic vests are relevant to the knowing possession of a firearm. *See Houston*, 2014 WL 199065, at *4; *Nelson*, 638 F. Supp. 3d at 543.

challenged evidence was] so highly inflammatory that [it] would create an undue tendency for the jury to decide the case based on an improper basis.").

In any event, any prejudice from the claimed "unfair assumptions" does not substantially outweigh the ballistic vest's probative value. The Sixth Circuit's decision in *Smith*, 319 F. App'x 381 is instructive. In *Smith,* the defendant argued that the contents of his vehicle's trunk (including "two magazines . . . , five flex ties. . . , a stun gun, glass cutters, wire cutters, two pry bars, a box cutter, an optical device, several flashlights, black gloves and a black ski mask, and various items of camouflage clothing[]"), *id.* at 383, were unfairly prejudicial, *id.*, and "insinuate[ed] [to the jury] that he was in possession of items that could be used to commit a crime." *Id.* at 386. The district court denied the defendant's motion *in limine*, and the Sixth Circuit found no abuse of discretion in the district court's finding "that the evidence in question was relevant to the government's case and that its probative value outweighed its prejudicial effect." *Id*. The single ballistic vest found in Sinkfield's trunk could not be more prejudicial than the plethora of potentially suspicious items found in *Smith*. It thus stands to reason that, just as in *Smith*, any potential prejudice caused by the ballistic vest does not substantially outweigh its probative value.

Finally, any prejudice caused by the ballistic vest could be cured with a limiting instruction. *See Lee*, 612 F.3d at 185 (affirming denial of motion *in limine* seeking exclusion of bullet-proof vest where "[t]he [c]ourt told the jury, twice, that it should consider the bullet-proof vest only for 'deciding whether the defendant had the state of mind, knowledge, motive or intent necessary to commit the crime charged, or did not commit the acts for which he is on trial by accident or mistake.'" (record citation omitted)). Indeed, the government does not object to the Court

providing a limiting instruction similar to that delivered in *Lee*.[4] (Doc. No. 62, at 6.) Sinkfield fails

to establish that evidence of the ballistic vest should be excluded under Fed. R. Evid. 403.

## III.     CONCLUSION

For the foregoing reasons, Sinkfield's motion *in limine* (Doc. No. 60) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 8, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] The parties may jointly propose language for such a limiting instruction for the Court's consideration.