**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:25-cr-397 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MAURICE J. SINKFIELD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are the notice of intent to introduce evidence pursuant to Fed. R. Evid. 404(b) (Doc. No. 63 (Rule 404(b) Notice)) by the United States of America (the "government") and the response in opposition thereto (Doc. No. 68 (Response)) by defendant Maurice J. Sinkfield. Sinkfield maintains that the evidence identified in the Rule 404(b) notice is not admissible. (Doc. No. 68, at 3.) For the reasons set forth below, the Court finds that the statements that the government seeks to introduce are admissible pursuant to Rule 404(b) and that their probative value is not substantially outweighed by the risk of unfair prejudice.

## I.     BACKGROUND

Following his arrest in July of 2025, Sinkfield was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and escape from custody, in violation of 18 U.S.C. § 751(a). (Doc. No. 10 (Indictment).) The issue presently before the Court concerns statements that Sinkfield made during his prior arrest in 2016. (Doc. No. 63, at 1.) The government asserts that, in connection with that arrest, Sinkfield made the following statements (hereinafter, the "2016 statements"):

- "So you know what, you know what. When I get out, I am going to carry a gun. You're god-damn right." [];
- "And I guarantee you I'm going to have a pistol when I get out this [expletive]. 'Cause I ain't let nobody put their hands on me." [];
- "I am, yeah I am. Im a have a [expletive] gun on me when I get out." [];
- "I guarantee, whenever I'm released, I'm going to have a gun, for my protection." [];
- "When I get out, when all this is done, you better believe I'm gonna get me another pistol, that's right. Yeah, I said it. I'm gonna get me a pistol. And I'm gonna make sure I protect myself and family and my property from unlawful seizure and unlawful killings, murder, assaults, that type [expletive] . . . and I'll see if there's a law that bans me from doing that." []

(Doc. No. 63, at 2 (internal citations omitted).)

Sinkfield remained in custody from the time of his 2016 arrest, was later convicted in connection with that 2016 arrest, and continued to remain custody for approximately nine years until his arrest in the present case. (Doc. No. 63, at 8–9 (citing *United States v. Sinkfield*, No. 1:16-cr-146 (N.D. Ohio)).) Specifically, in December of 2024, after serving approximately nine years in federal prison, Sinkfield was transferred to a Bureau of Prisons ("BOP") halfway house where, while still in custody, he was permitted some increased freedom of movement, including leaving the halfway house to go to work. (*Id.*) The government alleges that on or about July 24, 2025, while Sinkfield was at a gas station, he possessed a firearm. (Doc. No. 10, at 1.)

The government now seeks to introduce at trial evidence of the 2016 statements. The government argues that these statements are "probative and relevant evidence of [Sinkfield's] possession of a firearm" in 2025 (*id.* at 2), and that they are admissible under Fed. R. Evid. 404(b). (*Id.* at 10.) Sinkfield opposes introduction of the 2016 statements. (*See generally* Doc. No. 68.)

## II.    LAW & DISCUSSION

Generally, Rule 404(b) precludes "[e]vidence of any other crime, wrong, or act" used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be used for other purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

> A district court determines the admissibility of evidence under Rule 404(b) pursuant to a three-step process. First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (citations and emphasis omitted).

### A.    Sufficiency of Evidence

Turning first to sufficiency, "the sufficiency standard for Rule 404(b) is not rigorous and only requires that the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017) (quotation marks and citation omitted). Here, the government states that the 2016 statements "were recorded with video and audio and were subsequently documented in an investigative report." (Doc. No. 63, at 6.) And Sinkfield does not appear to contest that there is sufficient evidence that Sinkfield made the 2016 statements. (Doc. No. 68, at 5 (arguing only that "the evidence fails at steps two and three [of the Rule 404(b) analysis].").) Accordingly, the Court finds there is sufficient evidence that Sinkfield made the 2016 statements.

### B.    Probative of Material Issue

Next, the Court must determine whether the 2016 statements are probative of a material issue other than character. "Evidence of other acts is probative of a material issue other than

3

character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008) (citation omitted).

The first two parts of this analysis are simple. First, the government offers the 2016 statements for the purpose of proving Sinkfield's knowledge (Doc. No. 63, at 7), a permissible purpose. *See* Fed. R. Evid. 404(b)(2). Second, Sinkfield's knowledge is at issue by virtue of his plea of not guilty and the lack of any stipulations on the issue. *See United States v. Jenkins*, 593 F.3d 480, 485 (6th Cir. 2010) ("Both [knowledge and intent] were at least nominally at issue in his trial, since [defendant] pled not guilty and did not stipulate to either element."); *see also Bell*, 516 F.3d at 443 ("By plead[ing] not guilty to the offense of possession with intent to distribute, [defendant] put his general intent and specific intent at issue, thereby giving the government the burden to establish both beyond a reasonable doubt." (quotation marks and citation omitted) (first alteration in original)).

The third part of this analysis, however, requires more attention. "To determine whether evidence of other bad acts is probative of motive, knowledge, or intent under Rule 404(b) we assess whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue." *United States v. Fairley*, 137 F.4th 503, 518 (6th Cir.) (quotation marks and citation omitted), *cert. denied*, 146 S. Ct. 166, 223 L. Ed. 2d 49 (2025), *reh'g denied*, 223 L. Ed. 2d 547 (Jan. 12, 2026). Substantial similarity does not require that the other bad act "duplicate exactly the instant charge." *Id.* (quotation marks and citation omitted). "Rather, the other bad act need only be sufficiently analogous to support an inference of criminal intent." *Id.* at 519 (quotation marks and citation omitted). Further, "[t]here is no absolute maximum number of

years that may separate a prior act and the offense charged." *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (citations omitted).

Here, the 2016 statements relate to conduct that is substantially similar to the offense at issue. The 2016 statements relate to Sinkfield's intention to possess a firearm following his release from custody. The government charges defendant with knowingly possessing a firearm following his transfer to a halfway house. (Doc. No. 10, at 1; Doc. No. 63, at 9.) While a transfer to a halfway house does not legally constitute a "release from custody," the increased freedom of movement afforded at a halfway house renders the transfer analogous enough to a release from custody for purposes of this analysis. Sinkfield's prior statements of intent to possess a firearm thus relate to conduct that is substantially similar to the charged offense. *See Fairley*, 137 F.4th at 518–19 (defendant's prior statements regarding drug trafficking and firearms possession found admissible under Rule 404(b) to prove intent to possess drugs and firearms); *cf. United States v. Barnes*, 822 F.3d 914, 922 (6th Cir. 2016) (defendant's post-arrest statements regarding drug distribution deemed "substantially similar to [the] charge of possession with intent to distribute" for purposes of Rule 404(b) (citation omitted)).[1]

Further, the 2016 statements are temporally proximate enough to Sinkfield's alleged firearm possession to satisfy Rule 404(b). While evidence of other acts must be "reasonably near in time[,]" *Fairley*, 137 F.4th at 518, "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged." *Ismail*, 756 F.2d at 1260 (citations omitted). Rather, the requisite temporal proximity depends on the strength of the logical connection between the prior act and the charged offense. *Compare Ismail*, 756 F.2d at 1260 (two-to-four-year-old

---

[1] Sinkfield attempts to distinguish the government's case law on this point by arguing that the cases all concern evidence of prior acts rather than prior statements. (Doc. No. 68, at 6.) The distinction is of no consequence because, as cases like *Fairley*, 137 F.4th at 518–19 and *Barnes*, 822 F.3d at 922 demonstrate, Rule 404(b) permits evidence of prior statements just as it does evidence of prior acts.

transactions admissible where transactions "were part of an ongoing plan" related to the charged offense), *and United States v. Matthews*, 440 F.3d 818, 830 (6th Cir. 2006) (eight-year-old drug sale admissible as probative of whether defendant could identify items in charged offense as drugs), *with United States v. Freeman*, 412 F. App'x 735, 745 (6th Cir. 2010) (ten-year-old conviction too remote where government provided no evidence to connect prior conviction with charged offense), *and Bell*, 516 F.3d at 444 (five- and seven-year-old convictions inadmissible where government failed to allege prior convictions were "part of the same scheme" as the charged offense). Indeed, the Sixth Circuit has suggested that, in the appropriate circumstances, even "bad acts ranging from eight years old to eighteen years old" could be deemed sufficiently proximate. *See United States v. Love*, 254 F. App'x 511, 517 (6th Cir. 2007) (collecting cases from sister circuits).

There is a strong enough logical connection between the 2016 statements and Sinkfield's alleged possession of a firearm to render the 2016 statements sufficiently near in time. The government cites evidence that (1) in 2016, Sinkfield made statements indicating his intent to possess a firearm upon his release from custody; (2) Sinkfield then spent the next approximately nine years in federal prison where he had no access to weapons and was prohibited from acting on his prior expressed intent; and (3) after obtaining a semblance of release from custody in the form of transfer to a BOP halfway house where he was permitted to leave the facility for certain purposes, such as to work, the government alleges that Sinkfield possessed a firearm. (Doc. No. 63, at 2, 8–9.) This chain of events suggests that Sinkfield's expressed intent to possess a firearm upon release from custody was "part of an ongoing plan" that culminated in his alleged possession of a firearm in 2025 shortly after his transfer to a halfway house. *Ismail*, 756 F.2d at 1260. The

6

2016 statements are thus sufficiently near in time for purposes of Rule 404(b). The 2016 statements are probative of a material issue other than character.

### C.     Prejudice

Finally, the Court must consider prejudice. Rule 404(b) evidence often carries a risk that the jury will use it for an improper purpose: "to suggest that the defendant is a bad person, a convicted criminal, and that if he did it before he probably did it again." *Freeman*, 412 F. App'x at 746 (quotation marks and citation omitted). For this reason, district courts, before admitting such evidence, must "decide carefully whether it will be more substantially prejudicial than probative." *Bell*, 516 F.3d at 444 (citation omitted). In weighing prejudice, the district courts are to consider the evidence's "capacity . . . to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged" and "the government's alternative sources of proving" the relevant issue. *Id.* at 445 (citations omitted).

Here, considering the issues at play and the evidence available to the government, the 2016 statements have significant probative value. The government must prove Sinkfield's *knowing* possession of a firearm to prevail on its charge under 18 U.S.C. § 922(g)(1). *See* Sixth Circuit Pattern Jury Instruction 12.01A. And Sinkfield appears poised to present evidence challenging his knowledge of the firearm at issue. (*See* Doc. No. 81 (Motion to Have Witness Testify by Video), at 2 (offering testimony of person "who placed the firearm in the vehicle.").) The 2016 statements, to the extent they are relevant to Sinkfield's knowledge, are thus probative of a contested issue.

The probative value is not outweighed by a risk of prejudice. The typical risks associated with Rule 404(b) evidence, *see Freeman*, 412 F. App'x at 746 (citation omitted), are mitigated by the nature of the 2016 statements. Nothing in the 2016 statements suggest that Sinkfield "is a bad person, a convicted criminal, [or] that [he did something bad he could] probably d[o] . . . again."

7

*Id.* (quotation marks and citation omitted). The 2016 statements merely indicate an intent to procure a firearm for self-defense. Further, to the extent that Sinkfield claims any prejudice from the fact that the 2016 statements were from a custodial interview, such prejudice is mitigated by the fact that the jury will already be privy to evidence of Sinkfield's alleged prior custody by virtue of Count 2 for escape from custody and by the very nature of Count 1, which by definition requires the government to present evidence that the defendant was previously convicted of a felony punishable by more than one year. The 2016 statements are not so prejudicial as to outweigh their probative value. *See Barnes*, 822 F.3d at 923 (finding no abuse of discretion in admitting 404(b) evidence of defendant's statements where district court found statements probative of intent and reasoned "[t]he statements are [defendant's] own, and there is nothing in the recordings that suggests the jury would be tempted to give the statements undue or improper weight." (quotation marks and record citation omitted)). And any prejudice can be further mitigated by an appropriate limiting instruction, *id.* at 924 ("And the court's limiting instruction—cautioning jurors that they could consider the jail call 'evidence only as it relates to [defendant's] intent to distribute oxycodone on or about March 22, 2013' and 'must not consider it for any other purpose' []— sufficiently mitigated the risk that jurors would consider the jail call evidence for improper purposes." (record citation omitted)), language for which the parties may jointly propose.[2]

* * *

Having found (1) sufficient evidence that Sinkfield made the 2016 statements; (2) that the

---

[2] Beyond prejudice, Sinkfield also argues that the 2016 statements risk confusing the issues and misleading the jury. (Doc. No. 68, at 7.) First, Sinkfield argues that the 2016 statements' reference to Sinkfield's intent to obtain a firearm following his release from custody will confuse the jury as to whether Sinkfield was in custody before he was arrested on the present offense. (*Id.*) Second, Sinkfield argues that, without the full context of the 2016 statements, the jury may be misled as to the reasons for Sinkfield's expressed intention to possess a firearm. (*Id.*) Without knowing how the government plans to present the 2016 statements to the jury, the Court is poorly positioned to determine these issues now. At trial, if appropriate, Sinkfield may object to the evidence under Fed. R. Evid. 106, Fed. R. Evid. 403, or any other appropriate rule of evidence.

2016 statements are probative of a material issue other than character; and (3) that the 2016 statements' probative value is not substantially outweighed by their potential prejudicial effect, the Court will allow the 2016 statements to be presented under Fed. R. Evid. 404(b) with an appropriate limiting instruction.[3]

## III.  CONCLUSION

For the foregoing reasons, the Court finds that the government's Rule 404(b) evidence is admissible, and its probative value is not substantially outweighed by the risk of unfair prejudice. This ruling is preliminary, and the Court may change its ruling at trial if appropriate. *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted).

**IT IS SO ORDERED**.

Dated: May 11, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The government also seeks to introduce the 2016 statements as *res gestae* evidence (Doc. No. 63, at 10), but the Court need not address this argument because the Court finds the statements are admissible pursuant to Rule 404(b).

9